[Civ. No. 7646. Second Appellate District, Division Two.—-April 14, 1933.]

GEORGE T. PORTER, Respondent, v. FRED GRANICH, Appellant.

Aaron Elmore for Appellant.

Davis & Thorne for Respondent.

WORKS, P. J.— The typewritten transcript on appeal in this action consists of more than 350 pages. Appellant's printed opening brief is 145 pages in length and is admirable in form under the rules of this court, the argument contained in it being presented and properly divided under nine separate and clearly stated headings, each setting forth a question of law. Respondent's printed brief is in length 70 pages. It contains no heading presenting a question of law. It shows no headings responsive in form to any of those set forth in appellant's brief. Indeed, re-

spondent's brief contains no headings but these: "Statement of Facts", which appears on page three, and "Conclusion", which appears on page seventy. Between pages three and seventy many authorities are cited and many quotations are taken from them. Appellant's opening brief was filed in December, 1930. Respondent's brief was filed in January, 1933, he thus having more than two years within which to prepare and file a proper presentation of his argument against the appeal. Appellant filed a reply brief on the last day of February.

It is provided by Rule VIII of the rules of this court that every printed brief or petition for rehearing in civil actions "must present each point separately under an appropriate heading, showing the nature of the question to be presented or the point to be made". Respondent's brief shows a flagrant violation of this rule. It is incumbent upon an appellant to show error on appeal and it is our reciprocal duty to affirm a judgment unless the appellant convinces us that it was erroneously rendered; but we are entitled to the intelligent assistance of a respondent in discharging this duty. The circumstances of the present case, that is, the size of the record and the length of appellant's opening brief, would make the discharge of this duty a most onerous burden without the aid of respondent. He is interested in procuring an affirmance of the judgment, but he must exhibit his interest to the extent of presenting a brief which complies with the rules of court.

We think we have the power to impose the conditions made part of the order which here follows.

The order submitting the cause for decision is vacated. Respondent's brief is stricken from the files. Respondent is allowed thirty days after the date of the filing of this opinion within which to serve and file a proper respondent's brief. Appellant shall have thirty days after the filing of respondent's brief within which to serve and file, if he be so advised, an additional appellant's reply brief. This latter brief shall not be filed by the clerk until a receipted bill shall have been exhibited to the presiding justice showing the payment by respondent of the cost of the reply brief. Respondent, however, may present to the presiding justice the question whether the reply brief is of unnecessary length, whereupon he will either require respondent

to pay the entire cost of printing it or apportion the cost between respondent and appellant.

Stephens, J., and Archbald, J., *pro tem.*, concurred.